# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Devi K.,[1]

Plaintiff,

v.

Martin J. O'Malley,
Commissioner of Social Security Administration,

Defendant.

Case No. 23-CV-00653 (JMB/LIB)

**ORDER**

---

This matter is before the Court on the Report and Recommendation (R&R) of United States Magistrate Judge Leo I. Brisbois dated January 4, 2024 denying Plaintiff Devi K.'s. appeal of the Commissioner of Social Security Martin J. O'Malley's (the "Commissioner's") denial of her application for supplemental security income (SSI). (Doc. No. 21.) Plaintiff timely objected to the R&R and the Commissioner responded. (Doc. Nos. 23, 24.) For the reasons addressed below, the Court overrules Plaintiff's objections and adopts the R&R.

## BACKGROUND

The factual background for this matter is set forth in the R&R and is incorporated here by reference. Further, because the R&R provides a detailed procedural history, the Court only briefly summarizes it here.

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental party in Social Security orders.

1

Plaintiff filed an application for SSI on grounds that she was disabled, as defined in the Social Security Act (SSA). During the administrative proceedings, Plaintiff presented evidence that she has been diagnosed with fibromyalgia, chronic pain syndrome, plantar fasciitis, and lumbar degenerative disc disease, among other things. (Doc. No. 9 at 20.) The medical records submitted by Plaintiff during the administrative proceedings contained several notes by providers regarding their observations that Plaintiff, at times, presented with a cane. (*Id.* at 22.) Ultimately, the ALJ denied Plaintiff's application for SSI because he found that she had a residual functional capacity (RFC) to perform light work (as defined in 20 C.F.R. § 416.967(b)); in reaching that conclusion, the ALJ noted that, despite Plaintiff's observed use of a cane, the record did not contain documentation regarding the medical necessity of that device. (*Id.* at 22, 24–29.)

Plaintiff commenced this action seeking judicial review of the Commissioner's final decision. In the R&R, the Magistrate Judge noted that Plaintiff's primary argument is that the ALJ's determination of her RFC was erroneous because the ALJ did not consider her documented use of a cane. After considering Plaintiff's arguments and the record as a whole, the Magistrate Judge concluded that the ALJ's decision that Plaintiff was not disabled was supported by substantial evidence in the record, and that Plaintiff's request for relief should be denied. Plaintiff timely objected to the R&R.

## DISCUSSION

### A. Legal Standard

When ruling on Plaintiff's objections, the Court conducts a de novo review of the record, including a review of the arguments and submissions of counsel, pursuant to 28

U.S.C. § 636(b)(1) and Local Rule 72.2(b).  The Court may reject the Commissioner's decision only if it is not supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  "Substantial evidence" is "less than a preponderance," *Buckner v. Apfel*, 213 F.3d 1006, 1012 (8th Cir 2000), and is relevant evidence that a reasonable person "would accept as adequate to support the Commissioner's conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted); *Craig v. Apfel*, 212 F.3d 433, 435 (8th Cir. 2000).  When reviewing the record for substantial evidence, the Court cannot substitute its own judgment or findings of fact for those of the ALJ.  *Hilkemeyer v. Barnhart*, 380 F.3d 441, 445 (8th Cir. 2004).  The possibility that the Court could draw two inconsistent conclusions from the same record does not preclude the Commissioner's decision from being supported by substantial evidence.  *Culbertson v. Shalala*, 39 F.3d 934, 939 (8th Cir. 1994); *see also Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008) (noting that court will not reverse ALJ's "denial of benefits so long as the ALJ's decision falls within the 'available zone of choice'").

An applicant for SSI has the burden to prove their RFC.  *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004).  An ALJ considers "limitations resulting from a claimant's use of a cane only if the cane is 'medically necessary' or 'medically required.'"  *Mya Y. v. Saul*, No. 20-CV-1296 (JRT/LIB), 2021 WL 3023691, at *4 (D. Minn. June 28, 2021)*, adopted* 2021 WL 3022723 (D. Minn. Jul. 16, 2021).  Whether a hand-held device such as a cane is medically required is "based on the particular facts of a case."  *Kurt E.H. v. Kijakazi*, No. 21-CV-1859 (TNL), 2023 WL 2666479, at *9 (D. Minn. Mar. 28, 2023) (citing SSR 96-9p, 1996 WL 374185, at *7 (Jul. 2, 1996)).  To establish medical necessity,

3

a plaintiff "must show the cane is medically required by offering medical documentation that (1) demonstrates the cane is necessary to help her walk or stand and (2) describes the circumstances in which the device is needed." *Mya Y.*, 2021 WL 3023691, at *5. Though a plaintiff need not provide a prescription for their assistive device, they must at least provide an "unambiguous opinion from a physician" to support its medical necessity. *Id.* (discussing that sister Circuits, courts from this District, and courts from other districts within the Eighth Circuit require "unambiguous opinion from a physician" to support medical necessity of assistive devices); *see also Kurt E.H.*, 2023 WL 2666479, at *9 (same, and collecting cases).

**B.      Plaintiff's Objections**

Plaintiff objects to the R&R on several related grounds, all but one of which relate to the Commissioner's treatment of evidence of her use of a cane.

First, Plaintiff contests the legal basis underlying the medical necessity standard. (*See* Doc. No. 23 at 3–5.) Plaintiff asserts that the requirement for an "unambiguous opinion from a physician" is improper and urges the use of an alternative standard, arguing that "observations made by clinicians throughout the longitudinal medical record" of her use of a cane are sufficient to establish the medical necessity of that device. (Doc. No. 23 at 5.) Plaintiff claims that *Emery v. Berryhill*, No. 17-CV-1988 (TNL), 2018 WL 4407441 (D. Minn. Sept. 17, 2018) supports her position. However, the issue in *Emery* was whether the ALJ should have made a finding regarding the medical necessity of a plaintiff's use of a cane, not what should be the proper measure of documentation needed to establish medical necessity. *Id.* at *3. Plaintiff has presented no other authority that would support

4

her proposed legal proposition. In the absence of such legal authority, the Court follows the caselaw cited above. *See, e.g.*, *Mya Y.*, 2021 WL 3023691, at *5; *Kurt E.H.*, 2023 WL 2666479, at *9.

Second, Plaintiff objects on grounds that the ALJ never actually made a factual finding on medical necessity. (Doc. No. 23 at 3–4.) The Court disagrees with Plaintiff's characterization of the ALJ's decision, because the ALJ sufficiently considered whether the evidence established that Plaintiffs use of a cane was a medical necessity:

> Further, while [Plaintiff] is noted to use a cane at times and testified that she uses a walker at the hearing, there is no evidence that an assistive device is medically necessary. There is no indication that [Plaintiff]'s assistive devices have been prescribed by a provider. Moreover, there is no evidence that [Plaintiff] has ever presented using a walker or has reported using a walker at appointments with her providers.

(Doc. No. 9 at 22.) The ALJ quite clearly did not limit this finding to only Plaintiff's use of a walker—rather, he concluded that the record lacked evidence that Plaintiff's "assistive devices" (i.e., her cane and walker) were medically necessary. (*Id.*)

Third, Plaintiff objects to the ALJ's determination that Plaintiff's cane was not medically necessary or medically required. Plaintiff neither directs the Court to documentation describing the circumstances in which her cane is needed nor that the cane is necessary for her to walk and stand. Instead, as thoroughly noted by the Magistrate Judge in the R&R (*see* Doc. No. 21 at 10–12) and incorporated by reference here, Plaintiff's medical records contain numerous mentions of Plaintiff's observed use of a cane, but nothing in the record amounts to a finding by any physician or other provider that her use of the cane was medically necessary as opposed to a personal preference. Thus, substantial

evidence supports the ALJ's decision. *Kurt E.H.*, 2023 WL 2666479, at *9–10 (concluding plaintiff did not demonstrate medical necessity of use of cane where medical records showed frequent use of cane but lacked documentation regarding the need for its use); *Harrington v. Kijakazi*, No. 22-471 (JRT/ECW), 2023 WL 2524029, at *6–7 (D. Minn. Mar. 14, 2023) (same); *Mya Y.*, 2021 WL 3023691, at *5 (same).

Fourth, Plaintiff objects on grounds that "the ALJ never asked the [vocational expert] how her cane use would impact her ability to perform light work." (Doc. No. 23 at 5–6.) However, the ALJ need not have considered how Plaintiff's cane use would impact her ability to perform light work absent evidence that the cane was medically necessary. *See Mya Y.*, 2021 WL 3023691, at *4 (citing SSR 9609p, 1996 WL 374185, at *7). As described above, the record evidence does not contain the required "unambiguous opinion from a physician" to establish the medical necessity of Plaintiff's cane use. As a result, the ALJ did not err by declining to consider how her cane use would impact her ability to perform light work. *See, e.g., id.* at *6 (declining to consider plaintiff's objection that ALJ failed to consider limitations relating to use of cane when cane use was not shown to be medically necessary).

Last, Plaintiff objects on grounds that the ALJ "unreasonably rejected the intensity, persistence, and limiting effects of her [chronic pain] symptoms pursuant to 20 C.F.R. § 416.929" because "the medical record in this case shows no evidence of meaningful or lasting improvement from her so-called conservative treatment." (Doc. No. 23 at 6.) However, an impairment is not considered disabling when it can be controlled by treatment or medication. *E.g., Pierce v. Kijakazi*, 22 F.4th 769, 773 (8th Cir. 2022); *Hensley v.*

6

*Colvin*, 829 F.3d 926, 933 (8th Cir. 2016); *Mabry v. Colvin*, 815 F.3d 386, 391–92 (8th Cir. 2016).  Here, the ALJ duly considered evidence that Plaintiff successfully managed her chronic pain symptoms.  (Doc. No. 9 at 24–29.)  This finding is supported by substantial evidence, and the Court cannot reverse that finding just because some evidence may exist in the record to support a competing conclusion.  *E.g.*, *Culbertson*, 39 F.3d at 939.

## CONCLUSION

With respect to Plaintiff's objections to the Report and Recommendation of United States Magistrate Judge Leo I. Brisbois and after an independent review of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Devi K.'s objections to the January 4, 2024 R&R (Doc. No.23) are **OVERRULED**;

2. The January 4, 2024 R&R is **ADOPTED**; and

3. This matter is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  March 1, 2024     /s/Jeffrey M. Bryan
                          Judge Jeffrey M. Bryan
                          United States District Court